**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 02-2160**

—————

LILIANA MEKTESHEVA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

--------------------------------

AMERICAN IMMIGRATION LAW FOUNDATION,

Amicus Curiae Supporting Petitioner.

—————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A76-897-166)

—————

Submitted: June 30, 2004          Decided: August 6, 2004

—————

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

—————

Petition denied by unpublished per curiam opinion.

—————

Leah W. Hurwitz, LAW OFFICES OF LEAH W. HURWITZ, San Diego,
California, for Petitioner.  Robert D. McCallum, Jr., Assistant
Attorney General, Richard M. Evans, Assistant Director, Paul
Fiorino, Office of Immigration Litigation, Civil Division,
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  Mary A.
Kenney, Nadine K. Wettstein, Beth Werlin, AMERICAN IMMIGRATION LAW
FOUNDATION, Washington, D.C., for Amicus Curiae Supporting
Petitioner.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Liliana Mektesheva, a native and citizen of Kazakhstan, petitions for review of an order of the Board of Immigration Appeals affirming without opinion a decision of the immigration judge denying her application for asylum, withholding of removal, and relief under the Convention Against Torture.[*] We have reviewed the record and the decision of the immigration judge, designated by the Board as the final agency determination, and hold that substantial evidence supports the immigration judge's conclusion that Mektesheva failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (the burden of proof is on the alien to establish eligibility for asylum); 8 C.F.R. § 1208.13(a) (2004) (same). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Elias-Zacarias, 502 U.S. at 483-84). We find no such compelling evidence.

Mektesheva challenges the Board's use of the streamlined appeal procedures of 8 C.F.R. § 1003.1(a)(7) (2004). We have

_____

[*]Mektesheva does not challenge the denial of withholding of removal or relief under the Convention Against Torture in this court.

- 2 -

recently rejected challenges to these procedures in <u>Blanco de Belbruno v. Ashcroft</u>, 362 F.3d 272 (4th Cir. 2004). In addition, we conclude that Mektesheva's challenge to the use of the procedure in her case is without merit. As we stated in <u>Blanco de Belbruno</u>, "[i]f the [Board]'s practices result in a decision that allows a non-harmless error to slip through, there is always the avenue of an appeal to the court to correct the error." <u>Id.</u> at 281. Here, we find no such error.

We deny Mektesheva's motion to place this appeal in abeyance pending the outcome of her application for adjustment of status. We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>